IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| GARY HAYES, | * |
| Plaintiff, | * |
| v. | * |
| CAROLYN W. COLVIN, | *   No. 3:16CV00160-JJV |
| Acting Commissioner, | * |
| Social Security Administration, | * |
| Defendant. | * |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Gary Hayes, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits and supplemental security income. For the reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

Mr. Hayes filed for disability benefits due to back problems. (Tr. 196.) His claims were denied initially and upon reconsideration. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on March 10, 2015, and Mr. Hayes appeared with his lawyer. (Tr. 24.) At the hearing, the ALJ heard testimony from Mr. Hayes and a vocational expert ("VE"). (Tr. 32-37.)

The ALJ issued a decision on May 14, 2015, finding Mr. Hayes was not disabled under the Act. (Tr. 18-17.) On May 24, 2016, the Appeals Council denied Mr. Hayes's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3.)

Mr. Hayes, who was forty-one years old at the time of the hearing, went to the eleventh grade in school and earned his General Equivalency Diploma. (Tr. 26.) He has past relevant work experience as an aluminum sheet cutter and molding machine injection operator. (Tr. 15.)

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found Mr. Hayes had not engaged in substantial gainful activity since February 14, 2013, and he had the following severe impairment: disc herniation at L4-L5 compromising both L5 nerve roots. (Tr. 10.) However, the ALJ found Mr. Hayes did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 11.)

According to the ALJ, Mr. Hayes has the residual functional capacity ("RFC") to perform sedentary work. However, he should avoid ladders, ropes, and scaffolds. (*Id.*) After considering the VE's testimony, the ALJ determined Mr. Hayes could perform a significant number of other jobs existing in the national economy, and found Mr. Hayes was not disabled. (Tr. 15-16.)

## III.   ANALYSIS

### A.    Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g) (2005).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

2

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

### B.   Mr. Hayes's Arguments for Reversal

Mr. Hayes asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Mr. Hayes contends that the ALJ (1) erred at step 3 in determining the severity of his impairment, and (2) failed to fully consider his lack of funds to obtain treatment. (Doc. No. 13 at 5-12.)

#### 1.   Step 3 Determination

In support of his Complaint, Plaintiff argues the ALJ erred in not finding he met listing 1.04 in 20 C.F.R. § 404(P), App. 1. (*Id.* at 5-9.) To meet or equal a listing, Plaintiff must prove that he met all of the specific medical criteria. *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995). The ALJ's opinion specifically addresses listings 1.04 (disorder of the spine). (Tr. 11.) The ALJ stated:

> The undersigned has considered all of the listings, including 1.04 and the claimant's impairments do not meet or equal any listing. The medical evidence does not establish the degree of nerve root compression or associated signs of neurological-anatomic distribution of pain, limitation of motion, motor loss, muscle atrophy, reflex or sensory loss, or spinal stenosis or arachnoiditis needed to meet or medically equal in severity, the requirements for a disabling disorder of the spine as defined in Section 1.04 of Appendix 1.

(Tr. 11.)

While Plaintiff's diagnostic tests indeed show irregularity with this back (Tr. 267-269, 272-273, 291-292), these tests fail to show the necessary damage to or compromise of a nerve root or

3

additional limitations, as is required.³  20 C.F.R. § 404(P), App. 1, § 1.04.  As the Commissioner points out, Plaintiff's medical evidence fails to support his claim.  For example, the listing requires, among several other things, "motor loss (atrophy with associated muscle weakness or muscle weakness," but the medical notes from March 29, 2013, report, "On motor testing he generates 5/5 strength in both lower extremities and he has intact patellar and ankle jerk reflexes." (Tr. 289.)  The listing also requires "positive straight-leg raising."  And while I note the March 29, 2013, medical notes show, "Straight leg raise testing was slightly positive on the left, but not on the right," (*Id.*), a later examination reported Plaintiff's straight leg raising was negative.  (Tr. 283.)  So even if Plaintiff may meet some of the requirements in the listing, he does not meet <u>all</u> of the requirements.  Therefore, the ALJ did not err in finding Plaintiff's back impairment did not meet listing 1.04.

        2.       Plaintiff's Lack of Funds

Plaintiff argues the ALJ failed to consider his lack of funds in noting no ongoing treatment for his back impairment.  I sympathize with Plaintiff's point that he may be unable to afford treatment and recognize that a lack of financial resources may, in some cases, justify the failure to seek medical attention.  However, in this case there is no evidence that Plaintiff has sought low cost or no cost medical treatment.  *See Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992).  When there is no evidence that a claimant has taken advantage of low cost or no cost medical treatment available to him, an ALJ can properly find that a claimant's financial condition was not severe

---

³Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.  20 C.F.R. § 404(P), App. 1, § 1.04.

enough to justify his failure to seek treatment. See *Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.). And while Plaintiff states he is unable to afford necessary treatment, he still spends money to support an expensive habit of smoking cigarettes.

A Social Security claimant bears the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and he has not met this burden. "Disability" is the "inability to engage in any substantial gainful activity by reason of any <u>medically determinable</u> physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§ 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). While Plaintiff clearly suffers from some pain and limitation due to his back impairment, the overall evidence of record fails to support Plaintiff's claim of complete disability. To the contrary, the evidence supports the ALJ's conclusion that Plaintiff retains the residual functional capacity to perform sedentary work.

Plaintiff has advanced other arguments which I find are without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). The record contains ample support as a whole that "a reasonable mind might accept

as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

IV.   **CONCLUSION**

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Mr. Hayes's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 16th day of November, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE